5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin L. DRIVER, Plaintiff-Appellant,
v.
Roy H. PAGE and Oklahoma Pardon and Parole Board,
Defendants-Appellees.
 No. 93-6072.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order granting summary judgment in a pro se action filed under 42 U.S.C. Sec. 1983. Plaintiff Driver complained the Oklahoma Pardon and Parole Board violated his rights to due process and the ex post facto provision of the Constitution when it changed regulations relating to parole review. The effect of the change was to postpone the date upon which Mr. Driver would be initially reviewed by the Board. Named as defendant in the action was "Roy L. Page, Director, Pardon and Parole Board." For relief, plaintiff sought damages in the amount of $17 million and an injunction preventing the Oklahoma Department of Corrections from transferring him out of the jurisdiction of the district court. The Department of Corrections was not made a party to the action.
 
 
 3
 Following the filing of a motion to dismiss, which the magistrate judge properly treated as a motion for summary judgment, notice was given to plaintiff he had to respond and could not rely upon his pleadings. Without leave of court as required by Fed.R.Civ.P. 15(a), plaintiff attempted to file an amended complaint. The magistrate judge struck the pleading, but took into consideration a contemporaneous brief filed by Mr. Driver as a response to defendant's summary judgment motion.
 
 
 4
 Following a thorough review of the pleadings, a Martinez report of the facts, and an analysis of the law, the magistrate recommended the action be dismissed or that summary judgment be granted to defendant. He reasoned that the action was not filed against Mr. Page in his personal capacity but rather as a representative of a state agency. He ruled the suit, therefore, was against the state and thus barred by the Eleventh Amendment. He also ruled that the state agency was not a "person" made subject to liability under Sec. 1983. Alternatively, he held if the defendant had been sued in his individual capacity, plaintiff failed to allege he was personally involved in the challenged actions, and therefore without liability under Sec. 1983.
 
 
 5
 We agree with each of these rulings; hence, we do not even reach the due process and ex post facto issues. We nonetheless see no error in the conclusions reached by the magistrate judge on those issues as well.
 
 
 6
 On appeal Mr. Driver asserts the district court erred in failing to accept his amended pleadings. The district court correctly ruled that plaintiff's failure to seek the leave of court required by Rule 15(a) was a bar to the filing of his first amended complaint. We agree with the district court, however, that the amended pleading would not have changed the outcome of this case.
 
 
 7
 Subsequent to the entry of judgment, plaintiff filed two motions for leave to file another amended complaint in which he merely sought "Declarative Relief by Declaratory Judgment; Injunctive Relief." Judgment having entered, plaintiff's attempt to amend his complaint was too late.
 
 
 8
 On appeal, plaintiff argues the district court erred in accepting the report of the magistrate judge because the amended complaint he had tendered "eliminated the defense of qualified immunity by only seeking injunctive relief." The record does not support that contention. In fact, the prayer in the proposed amended complaint eliminated the claim for injunctive relief and sought only $17 million "for suffering great mental anguish, humiliation and embarrassment as a result of the Defendant's actions." The amended complaint did not cure the legal problems that led to the granting of summary judgment.
 
 
 9
 Mr. Driver also asserts the district court's immunity analysis overlooks the fact he sought injunctive relief in addition to damages. He nonetheless forgets the injunction he sought was directed to an entity the court had no jurisdiction over because it was not a party to the action. Without jurisdiction over the party against whom the injunction was sought, the district court was powerless to grant the relief.
 
 
 10
 The record indicates Mr. Driver has had two appearances before the Board and that he was denied parole following the first. We conclude, because he was still incarcerated following his second meeting, parole was not granted then either. The state does not question whether the denial of parole, which is a discretionary act not rising to the level of a federally cognizable event, moots the underlying claim.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3